CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2007

JOHN F. CORCORAN, CLERK
BY: /s/ D. Thompson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, L.L.C., | ) ) ) | Civil Action No. 5:07cv00057 |
| Appellant, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| JOHN J. WATERS and TARA C. WATERS, | ) ) ) | By: Samuel G. Wilson United States District Judge |
| Appellees. | ) ) | |

This matter is before the court on the motion of the plaintiff and Chapter 13 creditor, DaimlerChrysler Financial Services Americas, L.L.C. ("creditor"), requesting certification to take a direct appeal to the United States Court of Appeals for the Fourth Circuit from an order of the United States Bankruptcy Court for the Western District of Virginia, pursuant to § 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). 28 U.S.C. § 158(d)(2). The creditor contends the bankruptcy court erred in overruling its objection to confirmation of the debtors' Chapter 13 plan and holding that the bankruptcy code allows the debtors to surrender the creditor's collateral, a financed automobile, in full satisfaction of its secured claim. The Chapter 13 debtors, John J. Waters and Tara C. Waters ("debtors"), have not filed a response to the creditor's motion for certification. Because the bankruptcy court's order involves a question of law as to which there is no controlling decision of the United States Court of Appeals for the Fourth Circuit or of the Supreme Court of the United States, this court grants the creditor's motion for certification.

## I.

On July 11, 2006, the debtors filed a voluntary petition for relief pursuant to Chapter 13 of the bankruptcy code, less than 910 days after purchasing a 2004 Chrysler Town & Country van ("vehicle") from the Manassas Auto Cars, Inc. of Manassas, Virginia ("dealership"), which they financed through a retail installment contract ("contract") with the dealership. The dealership assigned all its rights and interest in the contract and the vehicle to the creditor in accordance with the terms of the contract's assignment provision. Under the contract, the debtors granted the creditor a security interest in the vehicle, which was perfected by notation on the vehicle's certificate of title issued by the Commonwealth of Virginia.

On August 7, 2006, the creditor filed a proof of claim for $20,701.91, the outstanding balance due under the contract owed by the debtors at the time they filed their bankruptcy petition and an amount greater than the value of the vehicle. The debtors did not object to the creditor's proof of claim, but filed an amended Chapter 13 plan which proposed to surrender the vehicle in full satisfaction of the creditor's allowed secured claim. The creditor objected, and on May 9, 2007, the bankruptcy court overruled the creditor's objection and confirmed the debtors' Chapter 13 plan. On May 18, 2007, the creditor timely filed a notice of appeal.

## II.

Pursuant to 28 U.S.C. § 158(d)(2)(A)(i)-(iii), enacted as part of the BAPCPA, the Court of Appeals for the Fourth Circuit will have jurisdiction over the instant appeal if this court certifies the existence of one or more of three circumstances:

> (i.) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the [United States Court of Appeals for the Fourth Circuit] or of the Supreme Court of the United States, or involves a matter of

2

> public importance;
> (ii.) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii.) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(B) provides that the district court "shall" make the certification if it determines, either on its own motion or on the request of a party, that one or more of the three certification circumstances exists, or where a majority of the appellants and appellees requests certification. The court of appeals then has discretion to exercise jurisdiction. 28 U.S.C. § 158(d)(2)(A) (an appeal may be taken directly from the district court to the court of appeals if the certification procedures set forth in the statute are followed and "*if* the court of appeals *authorizes* the direct appeal of the judgment, order, or decree") (emphasis added). Here, the creditor claims that each of the three circumstances justifying certification is present. The court finds at least one circumstance compelling certification. The creditor's appeal raises a question of law and interpretation of the BAPCPA for which there is no controlling Fourth Circuit or Supreme Court precedent: whether an unnumbered "hanging paragraph" the BAPCPA added to 11 U.S.C. § 1325(a) has the effect of allowing debtors to surrender their vehicle to the creditor in full satisfaction of the creditor's claim even though the creditor's claim is greater than the vehicle's value.

Section 1325(a) establishes prerequisites for a confirmable Chapter 13 plan. With respect to an allowed secured claim there are three options that suffice for confirmation. First, the holder of the allowed secured claim may accept the plan. 11 U.S.C. § 1325(a)(5)(A). Second, the plan may provide for the debtor's retention of the collateral, so long as it also provides for

3

distributions to the holder of not less than the allowed amount of the secured claim. 11 U.S.C. § 1325(a)(5)(B). Third, the debtor may surrender the secured property to the lien holder. 11 U.S.C. § 1325(a)(5)(C).

11 U.S.C. § 506(a) divides loans into secured and unsecured portions. Under that section an allowed claim is a secured claim to "the extent of the value of such creditor's [collateral]," and an unsecured claim to the extent that the value of the creditor's collateral is less than the amount of the allowed claim. 11 U.S.C. § 506(a). However, the BAPCPA amended § 1325(a) to include a paragraph commonly referred to as the "hanging paragraph" following § 1325(a)(9), which provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a).[1]

Therefore, the question that must be decided is:

> what happens when as a result of the hanging paragraph, § 506 vanishes from the picture. The majority view among bankruptcy judges is that, with § 506(a) gone, creditors cannot divide their loans into secured and unsecured components. Because § 1325 (a)(5)(C) allows a debtor to surrender the collateral to the lender, it follows (on this view) that surrender fully satisfies the borrower's obligations. If this is so then many secured loans have been rendered non-recourse, no matter what the contract provides. [citations omitted]. The minority view is that Article 9 of the Uniform Commercial Code plus the law of contracts entitle the creditor to an unsecured deficiency judgment after surrender of

---

[1] The parties do not dispute that the creditor's claim is subject to the terms of the hanging paragraph.

4

the collateral, unless the contract itself provides that the loan is without recourse against the borrower. [Citations omitted]. That unsecured balance must be treated the same as other unsecured debts under the Chapter 13 plan.

In Re Wright, 2007 WL 1892502 (7th Cir.)(Easterbrook, J.).

Here, the parties dispute the effect of the hanging paragraph on a claim secured by collateral surrendered to the secured creditor pursuant to § 1325(a)(5)(C). However, as neither the Fourth Circuit nor the Supreme Court have considered the issue, this court grants the creditor's motion for certification.[2]

### III.

Accordingly, the creditor's motion to certify this matter for direct appeal to the United States Court of Appeals for the Fourth Circuit is hereby **GRANTED**.

ENTER: This 18th day of July, 2007.

United States District Judge

---

[2] A disagreement also has emerged within the Fourth Circuit. Compare In re Kenney, Nos. 06-71975-A, 07-70359-A, 2007 WL 1412921(Bankr. E.D.Va. May 10, 2007) (applying the majority position), with In re Long, No. 06-10601 (Bankr. W.D.N.C. Feb. 1, 2007) (applying the minority approach).

Given the conflict among courts across the country, including courts within the Fourth Circuit, certification also seems proper under 28 U.S.C. § 158(d)(2)(A)(ii.), which requires certification when the bankruptcy court's order "involves a question of law requiring resolution of conflicting decisions."

5